## HANCOCK, et al v. CANVASSING BOARD OF COLLIER COUNTY.
### No. 477-1968.
Circuit Court, Collier County.

December 9, 1968.

198

Frank B. Watson, Jr. of Roberts, Watson, Taylor & Friday, Fort Myers, for the plaintiffs.

James R. Adams, County Attorney, for the defendants.

HAROLD S. SMITH, Circuit Judge.

This cause came on to be heard before me upon the complaint filed by the plaintiffs and the motion to dismiss filed by the defendants.

The situation complained of arose when the plaintiff, O. W. Hancock, the incumbent justice of the peace for the fourth district of Collier County, filed for nomination in the Democratic primary for re-election to his position as such justice of the peace. The legislature had created the criminal court of the justice of the peace of the fourth justice of the peace district of Collier County, and had provided for a judge of such court. For some reason, the plaintiff Hancock did not qualify in the Democratic primary for this judgeship. In fact, no one did. The primary election was held and Hancock won the nomination for justice of the peace, and in due course his name was placed on the general election ballot as an unopposed candidate (there being no Republican nominee) for this position.

At a time prior to the general election in November, 1968, another person filed as a write-in candidate for the position of judge of the criminal court of the justice of the peace of the fourth justice of the peace district of Collier County under the provisions of §99.023, Florida Statutes. It is not contended that such filing was out of order.

To the complaint of the plaintiffs' an exhibit "A" is attached. This is a reproduction of the official general election ballot for the general election of November, 1968. This ballot contained spaces for both the justice of the peace of the fourth district of Collier County on which the name of the plaintiff Hancock appeared unopposed, as well as for the judge of the criminal court of the justice of the peace for the fourth justice of the peace district of Collier County on which no names appeared but only a space for a write-in candidate.

The plaintiffs' complaint alleged that Hancock was not a candidate for this new post and that he did not seek the post or campaign for it on a write-in basis. Nonetheless when the election was held he received more write-in votes than the other candidate who had qualified as the only write-in candidate under §99.023. Hancock did not repudiate or resign his nomination and place on the ballot as justice of the peace and was in due course certified as having been elected to that position. The defendants, as the official canvassing board of Collier County, declined to count Hancock's votes for the new judgeship on the ground he was not a qualified write-in candidate and certified the other candidate who had qualified as a write-in candidate as the winner of the election.

This court, speaking through the Honorable Lynn Gerald, in an earlier allied action had ruled that there were two separate and distinct courts in the fourth justice of the peace district in Collier County, one, the original justice of the peace court — the other being the newly created criminal court of the fourth justice of the peace district of Collier County, over which the present dispute rages.

The plaintiffs urged upon this court several constitutional grounds for reversal of the actions of the defendant canvassing board, as well as several statutory grounds. This court finds it unnecessary to resort to either constitutional or statutory grounds to resolve this matter.

Plaintiff Hancock in filing and qualifying for the office of justice of the peace, whether by mistake or otherwise, committed himself to the electorate that he would be their justice of the peace if elected to that job. "When an elector decides to become a can-

didate and takes the oath prescribed . . . he should be held to have represented to the electorate not only that he is qualified to fill, but also that if successful in his bid *will fill* the office which he seeks at their hands." State, ex rel. Fair v. Adams, 139 So.2d 879. Here plaintiff Hancock filed for justice of the peace, was nominated and elected to that post. He never repudiated nor resigned his qualifications, nomination, nor election to that post. Chief Justice Roberts in the above cited case went on further to state that it was not even essential that there be any statute to provide this as such intent was implicit in the declaration and statutory oath required of each and every candidate. The court further cited with approval the statement of the Oklahoma courts, viz. ". . . The voters have a right to expect one seeking their suffrage to qualify and fill the office he seeks."

The Supreme Court of Florida went on to state that in such a case a candidate should have the right to change his mind and thereafter qualify, *during the period fixed by law,* for nomination to a different office. "However, as a condition precedent to such action he should be required to withdraw or abandon the original or prior qualification for candidacy . . ." State, ex rel. Fair v. Adams, supra.

Wherefore, the premises considered and without resort to either constitutional or statutory issues, this court finds that the complaint of the plaintiffs fails to state a cause of action, and that the same should be and hereby is dismissed, without leave to amend. All at the cost of the plaintiffs.